Judge Tucker.
Wallace brought covenant against Claudius Buster, for that the defendant by his covenant, did covenant and agree to sell to the plaintiff 500 acres of •land in Kentucky, lying on Silver Creek, in the County of Madison, for which he was to pay at a certain rate; and the plaintiff avers that giving faith, &c. he proceeded to pay 100/. which the defendant actually received; and avers that the defendant had no land at all lying on Silver Creek, in the County of Madison, in Kentucky ; and although the defendant, by contract, was to refund all moneys paid by him proportionably to the loss sustained by the plaintiff, and although the defendant hath been notified *87 ©f the premises, he hath refused to return (although often requested) the defendant the money thus advanced hy the plaintiff, for a consideration which has entirely failed, to the plaintiff’s damage, &c.
The defendant pleaded, that he had not broken the covenant in the plaintiff’s declaration mentioned, as the plaintiff against him hath alleged, and thereof he puts himself ppon the country, and issue was joined.
Mr. Hening, for the appellants, has taken two exceptions to this declaration. 1. That the breach is not well assigned ; because it is neither in the words of the covenant, nord oes it comprehend its effect, and is moreover uncertain. 2. That by the terms of the agreement, the defendant was not bound to refund the money, unless the lands Were lost by a legal eviction, which ought to have been averred and shewn by the plaintiff.
As to the first of these exceptions. IIow far the technical phraseology of the declaration might have been judged deficient upon a special demurrer, it is unnecessary to inquire, since the defendant, by his plea, has admitted that the plaintiff hath alleged a breach of his covenant. But with regard to substance, the case of Bache v. Proctor,(a) which was upon, a special demurrer, is, in my opinion, a conclusive authority in favour of the plaintiff, if indeed authority upon so plain a case could be required. As to the second, I see nothing in the contract, to warrant Mr, Honing's conclusion, that the defendant was not bound to refund the money, unless the lands were lost by a legal eviction. The covenant does not import to be a legal conveyance of the lands therein mentioned ; there being no such description of the lands therein, as that the purchaser could have entered, and possessed himself thereof; but is merely such a contract, as a Court of Equity would compel the specific execution of, or a Court of Law give damages for breach of.
The vendor might have had a thousand, or ten thousand' acres of land on Silver Creek in the same tract, or in a da *88 zen different tracts; into none of which would it have been lawful for the covenantee to enter upon this contract. It is therefore a petitio principa to say, that the covenantor was not bound to refund, unless the lands were lost by a legal eviction, which presupposes an entry and actual possession ; neither of which could happen, if, in fact, as is alleged in the declaration, the covenantor had no lands on Silver Creek in the County of Madison, as by the covenant is supposed.
With respect to the exception taken at the trial. It was toot to be supposed or expected, that the Court could be so well apprized of the contents of the depositions, as to be able to select, without the aid of counsel, those parts which the Jury ought to disregard. The depositions being regularly taken, and read without objection, could not be withheld from the Jury, partially ; the Court could not direct any erásure, as has been supposed ; and it was the duty of the counsel, specially to recite those parts which he objected to the Jury’s considering. Had he pointed out the pass* ages, and it had appeared improper that those passages should be considered as evidence before the Jury, the Court could no doubt have instructed the Jury to disregard them; but he not having proceeded in that manner, I cannot charge his omission, as an error committed by the Court. I think the judgment ought to be affirmed.
Judge Roane.
The declaration in this case, though very ill drawn, charges a covenant to sell to the appellee 500 acres of land on Silver Creek, and also to refund all moneys paid therefor, in case the land or any part be lost. It charges breaches in that the appellant had in fact “ no “ land at all lying on Silver Creek that the consideration for which a sum of 100/. was paid under the said contract “ had entirely failed,” and that the said 100/. was not refunded.
The cases of Hawkins v. Berkeley,(a) Bache v. Proctor,(b) and others, fully justify this assignment of breaches, *89 in reference to the agreement on which the action is founded : the breach is substantially laid, according to the intentionof the parties, which was to warrant to the appellee the land sold, or, if lost, to refund any moneys paid thereior.
With respect to the motion made by the defendant to the Court, it was, 44 that the Court should exclude such “ parts of the depositions from going in evidence to the “ Jury, as were at variance with the covenant, or went to 44 explain the same.” And again, in another part of the bill of exceptions, the motion is stated to have been “ to “ arrest from the consideration of the Jury so much of 44 the depositions as went to establish a fact out of the co-44 venant stated in the declaration ; particularly those parts “ of the depositions which say that at the time of entering into “ the said covenant, the defendant was bound to refund the 44 money, if he did not prove that the land whereon the plain-44 tiff lived was the very land called for by the defendant’s 44 entry?
With respect to the first part of the instruction required from the Court as above, the motion was, perhaps, too general, and the instruction required, of too abstract a nature. If given, it would have left the Jury much as they were, as they would still have to judge whether this or that particular piece of testimony was admitted or rejected by the instruction. But the Court were justified on another ground in refusing to give the instruction ; and that is, that, upon inspecting the whole of the depositions, it appears that every part thereof was admissible. If they gave a correct opinion upon the actual case before them, they are to be excused from answering general and abstract questions. The latter part of the motion, indeed, propounds a particular question to the Court; but I am of opinion, that the decision of the Court thereupon was also correct.
Indeed, all the testimony contained in the depositions tends either to prove, that the appellant had no land at all *90 on Silver Creek ; or that he had not that particular tract which it was understood and agreed between the parties was the tract embraced by the agreement. Evidence to this last point was not contradictory to the agreement; was not out of the same : it is consistent therewith : it is like the common case of admitting evidence to shew which John was meant, when there are two, and one is mentioned in a deed or agreement.
On the whole, I am for affirming the judgment-
Judge Fleming.
The counsel for the appellant stated three points on which the judgment ought to be reversed.
1. That the breach is not well assigned, because it is neither in the words of the covenant, nor does it comprehend its effect, and is too uncertain.
2. That the defendant was not bound to refund the money, unless the lands were lost by a legal eviction, which ought to have been averred and shewn by the plaintiff; and,
3. That the court erred in admitting parol testimony to go to the Jury, which essentially varied a written agreement.
With respect to the first point, the breaches are well assigned, according to the principles laid down in the case of Bache and others v. Proctor, Doug. 382. that it is not necessary, in assigning breaches, to use the express words of a covenant; and that the intention oj the parties, to be collected from the instrument itself, may well be stated in assigning breaches, though not particularly expressed in the covenant. But admitting that, on a special demurrer, the assignment of breaches would have been adjudged insufficient, they are certainly good after a verdict.
As to the second point, “ that the defendant was not *c bound to. refund the ipoúey, unless the lands were lost i‘ by legal eviction,” there is no such article in the agreement ; and the counsel should have explained to the Court how the defendant was to have been evicted of lands of which he was never seised or possessed.
*91 With respect to the admission of improper evidence to go to the Jury, it appears that the depositions were legally taken, and I perceive no error in the Court’s permittihg them to go in evidence to the Jury.
By the whole Court, (absent Judge Lyons,) the judgment of the District Gourt was affirmed.

 Daug. 388

 1 Wash. 204

Doug.368. 1st edit. 383, 3d edit.